UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-mj-8218-RMM

IN RE SEALED COMPLAINT

_____/

FILED BY ____SP____ D.C.
Apr 28, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:   /s/ Katie Sadlo
KATIE SADLO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 1026417
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1043
Fax: (561) 805-9846
Katie.Sadlo@usdoj.gov

# UNITED STATES DISTRICT COURT
### for the
#### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>DEANDRE WATTS JR.,<br><br>_Defendant(s)_ | )<br>)<br>)   Case No.   25-mj-8218-RMM<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

FILED BY ____SP____ D.C.
Apr 28, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   March 14, 2025   in the county of   Palm Beach   in the
  Southern   District of   Florida  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of Firearm and Ammunition by Convicted Felon |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_
Task Force Officer Brelan Ivory, FBI
_Printed name and title_

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.
Date: 4/28/25

_Judge's signature_

City and state:   West Palm Beach, FL        Ryon M. McCabe, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Brelan L. Ivory, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I am a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI), and I have been so employed since June of 2024. I am currently assigned to PB-2, the Violent Crimes and Major Offender Squad of the Palm Beach County Resident Agency, which investigates bank robberies, narcotics trafficking, fugitives, firearms offenses, gang activity, and other violent crimes. Prior to joining PB-2, I was assigned to the Violent Crime division of the Riviera Beach Police Department for 2 years.

2. Pursuant to 18 U.S.C. § 3052, I am authorized to apply for and execute search warrants and arrest warrants for offenses enumerated in Titles 18 and 21 of the United States Code. I have participated in investigations involving violent crime, violations of the Hobbs Act, bank robberies, trafficking in controlled substances, firearms offenses, and bank fraud. As a result of my training and experience, I am familiar with the tactics, methods, and techniques of committing those crimes.

3. I make this affidavit in support of an application for a criminal complaint charging DEANDRE WATTS JR, herein referred to as "WATTS," with a violation of Title 18, United States Code, § 922(g)(1) (felon in possession of a firearm and ammunition). This affidavit is based upon my own personal knowledge of the facts and circumstances surrounding the investigation and information provided to me by other law enforcement officers, including officers from the Riviera Beach Police Department and Florida Department of Corrections. I have not included in this affidavit each and every fact known to me about the matters set forth herein, but only those facts and circumstances that I believe are sufficient to establish probable cause for this court to

authorize an arrest warrant for the person of WATTS for unlawful possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, § 922(g)(1).

## PROBABLE CAUSE

4. On June 7, 2022, WATTS was adjudicated guilty for the felony offense of Burglary while Armed with a firearm and Grand Theft in the State of Florida case number 50-2021-CF-003171-AXXX-MB. WATTS was sentenced to 2 years of imprisonment and 3 years of supervised probation. On or about April 23, 2023, WATTS began his term of probation. One of WATTS' conditions of probation was that he allow probation to search his residence.

5. On March 14, 2025, the Riviera Beach Police Department, in coordination with the Florida Department of Corrections (DOC), conducted a targeted compliance sweep of individuals on felony probation as part of an ongoing public safety initiative. WATTS was one of the individuals scheduled for compliance inspection.

6. On March 14, 2025, the compliance inspection was conducted at WATTS' known residence in Riviera Beach, Florida.[1] The inspection was recorded using officer Body-Worn Cameras.

7. Upon arrival, officers contacted WATTS, who advised that his bedroom was on the Southwest side of the residence and was currently occupied by his girlfriend, D.W. He further advised that three individuals were inside the home: D.W., his male friend, and the friend's girlfriend. All individuals exited the residence voluntarily.[2]

8. During a post-Miranda interview of D.W., D.W. informed law enforcement that she

---

[1] Based on DOC records, WATTS moved into the residence on or about January 13, 2025.

[2] Notably, D.W. took an unusually long time to leave the Southwest bedroom where illegal narcotics were ultimately found.

lived at the residence with WATTS. She explained that she typically resides in the Northeast bedroom, but that she was temporarily staying in WATTS' room, the Southwest bedroom, due to visiting guests.

9. After Riviera Beach Police conducted a preliminary safety sweep, DOC executed a search led by DOC Officer Cochrane. While searching the Southwest bedroom, DOC officers found more than 20 grams of marijuana in vacuum-sealed packaging within the bed frame. Based on these findings, officers obtained a Florida state search warrant for the residence and a DNA search warrant for WATTS.

10. During the execution of the residential search warrant, officers discovered the following:

    a. In the Southwest Bedroom:

        i. Approximately 501 grams of marijuana in various packages located behind a dresser, inside a duffle bag, and in a small red purse on the wall;

        ii. Correspondence addressed to D.W.

    b. In the Southeast Bedroom:[3]

        i. One Bersa Thunder .45 caliber handgun (SN# 815679) inside a shoebox under the bed;

        ii. One Taurus PT911 G2A 9mm handgun (SN# ACA415928) (Taurus) inside a laundry basket with 11 rounds of ammunition in the magazine and one in the chamber;

        iii. Loose ammunition of various calibers;

---

[3] At the time law enforcement arrived, the Southeast bedroom was occupied by WATTS' male friend and the friend's girlfriend.

      iv. .69 grams of a substance that field tested positive for cocaine and 2.74 grams of a substance that field tested positive for alprazolam, both located in a shoebox;

      v. Correspondence addressed to WATTS and D.W.

11. A Riviera Beach Crime Scene Investigator collected fingerprint and DNA samples from the items recovered. A Latent Print Examiner from the Palm Beach County Sheriff's Office analyzed the fingerprints recovered from the scene and determined that two fingerprints taken from the side of the Taurus magazine were of comparison value. The Latent Print Examiner concluded that both fingerprints from the Taurus matched the left thumbprint of WATTS.

12. At the time the Taurus was recovered from the residence, WATTS was a convicted felon and was therefore prohibited from possessing any firearms or ammunition under 18 U.S.C. § 922(g)(1). In addition, at that time, WATTS had served more than a year in Florida state prison and therefore knew that he was a felon.

13. The Taurus was examined by Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Special Agent Belga, who has received specialized training in Firearm Interstate Nexus testimony from ATF. Special Agent Belga determined that the Taurus was not manufactured in the State of Florida; thus, by its subsequent presence and recovery in Florida, such item necessarily traveled in and affected interstate and/or foreign commerce. Special Agent Belga also examined the twelve rounds of ammunition recovered from the Taurus and determined that the ammunition was not manufactured in the State of Florida; thus, by its subsequent presence and recovery in Florida, the ammunition necessarily traveled in and affected interstate and/or foreign commerce.

## **CONCLUSION**

14.     Based upon the information contained in this affidavit, your affiant respectfully submits that probable cause exists to charge DEANDRE WATTS JR with being a Felon in Possession of a Firearm and Ammunition in violation of Title 18, United States Code, § 922(g)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
BRELAN L. IVORY
TASK FORCE OFFICER
Federal Bureau of Investigation

Sworn and Attested to before me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this 28 day of April, 2025.

_____
RYON M. MCCABE
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**:   DEANDRE WATTS JR.

**Case No**:   25-mj-8218-RMM

Possession of Firearm and Ammunition by Convicted Felon

In violation of 18 U.S.C. § 922(g)(1)
* **Max. Term of Imprisonment:** 15 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000
* **Special Assessment:** $100

***Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**